[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Thomas M. Wernicke, and the defendant, Nancy E. Wernicke, whose maiden name was Neeb, were intermarried on May 14, 1993 at Saybrook, Connecticut. The parties separated on about October 1, 1998. The plaintiff has resided in the State of Connecticut for 12 months prior to the institution of this action and no minor children have been born to the defendant since the date of the marriage to the parties. Neither the State of Connecticut nor any municipality has contributed to the support or maintenance of either of the parties. The court has jurisdiction over them and the marriage.
Based upon the credible, admissible and relevant evidence presented to the court including all the reasonable inferences therefrom the court makes the following findings of fact and CT Page 10679 conclusions of law.
The plaintiff claims that the marriage has broken down basically because of verbal abuse by the defendant and her gambling. He also claims that she put him down at various times during the marriage. The defendant testified that the marriage has broken down because he was verbally abusive to her and her daughter and on account of his drinking. She also claimed that he tried to bring a third party to the marital bed and that he consistently claimed to her that he was "sleeping around" to the extent that she became concerned for and worried about contracting diseases that would affect her health. She claimed that he had very poor money appreciation or handling skills and always lived for the day.
When they married the plaintiff/husband came into the marriage without any assets and with approximately $9,500.00 in liabilities. The defendant paid off his liabilities with funds of her own and she at the time they were married had no independent liabilities herself. They have each been employed during the course of the marriage except for the first several months when the husband was unemployed and during which time she supported him along with his Worker's Compensation benefits.
The court finds that this marriage has broken down irretrievably and that there is no hope of reconciliation. The causes of the breakdown are more attributable to the plaintiff/husband than to the defendant/wife. The court discounts the claims of the defendant's gambling habits and finds that the parties engaged in various gambling trips and habits as one of mutual enjoyment and leisure. The plaintiff is more responsible then the defendant for the breakdown of the marriage due to his poor money management and spending habits and his extramarital activities, both of which eventually wore the defendant out. Accordingly, a decree is entered dissolving the marriage.
The defendant is ordered to transfer all her right, title and interest in and to the 1995 Chevrolet Monte Carlo to the plaintiff and he is ordered to refinance said car or otherwise remove the defendant's name as an obligor on this loan. If he cannot so remove her from liability for this loan within 90 days, he is ordered to sell said car and pay the loan off. In any event, he is is to hold her harmless in connection with any future liability on this auto loan. CT Page 10680
The plaintiff will pay to the defendant/wife alimony in the amount of $50.00 per week for a period of three years. Said order shall be non-modifiable as to term or amount and is considered by the court as a partial repayment for the rather large sums of money she advanced to pay off his past obligations.
In addition, the plaintiff shall pay to the defendant the sum of $1,900.00 within six months from the date of this memorandum to reimburse her for a $1,300.00 debt of his that she satisfied and the money removed by him from the marital home at the time he left.
The defendant/wife shall be entitled to 1/3 of the plaintiffs net Worker's Compensation award.
The plaintiff has made a request for reimbursement for pendente lite alimony paid under fraud. The court finds that the evidence is insufficient to establish a fraudulent basis for such a request and finds that her utilization of a ten week period of income versus 52 weeks does not constitute fraud in this matter.
All these security funds and property retained by the defendant from the former marital premises shall remain hers absolutely. The court finds that the proceeds from the sale of the motorcycle are set over to the defendant to be hers absolutely and inasmuch as she was the purchaser of the motorcycle or motorcycles represented by that final transaction. The plaintiff shall pay to the defendant the sum of $1,000.00 from the 401K funds as noted on his affidavit.
Each party shall retain all of their assets as indicated on their respective financial affidavits and each shall be responsible and hold the other harmless in connection with any remaining liabilities as indicated on said affidavits.
It is so ordered.
Higgins, J.